66 F.3d 334
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Coozie BRITTON, Jr., Plaintiff-Appellant,
v.
SECRETARY OF the ARMY, Defendant-Appellee.
 No. 94-16338.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 23, 1995.*
Decided Aug. 29, 1995.
 
 Before: CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Coozie Britton, Jr., appeals pro se the district court's summary judgment in favor of the Secretary of the Army ("the Army") in his employment discrimination action alleging age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Sec. 621 et seq. Britton contends the district court erred by finding that he failed to raise a genuine issue of material fact as to whether the reasons given by the Army for promoting a younger applicant instead of Britton were a pretext for age discrimination. We affirm.
 
 AGE DISCRIMINATION
 1. Prima Facie Case
 
 3
 The district court correctly concluded, and the Army does not contest, that Britton established a prima facie case of age discrimination under the ADEA. Britton was over forty years of age at the time of the allegedly discriminatory act, and therefore belongs to the protected class. Lindahl v. Air France, 930 F.2d 1434, 1437 (9th Cir.1991). Additionally, Britton applied for a promotion for which he was qualified, and a younger thirty-six year old individual, Jeronald Williams, received the promotion. Id.
 
 2. Employer's Burden of Production
 
 4
 The Army contends that they hired Williams, instead of Britton, for the position of store worker leader for legitimate, nondiscriminatory reasons. Specifically, the Army states that Williams was the most qualified applicant for the position.
 
 
 5
 First, the personnel department rating officer who reviewed the applications for the position gave Williams a qualification rating of 16 points. Britton received a rating of 14 points, scoring lower than Williams in the job elements of "ability to lead or supervise" and "technical practices."
 
 
 6
 Second, Williams received higher annual performance appraisal ratings than Britton. The record reflects that Williams's 1989-90 performance appraisal summary rating was "Exceptional," the highest possible ranking in the five-category evaluation system.[1] In contrast, Britton's 1989-90 performance appraisal summary rating was "Fully Successful," two ranks below an "Exceptional" rating. A review of Britton's 1990 performance appraisal reveals that he was rated as "Minimally Acceptable/Satisfactory," the second lowest possible rating, on five of the six job elements reviewed.
 
 
 7
 Third, Williams received a number of official and unofficial commendations for his performance at the Fort Ord Commissary. Williams's application for the position of store worker leader indicates that from August 1987 to October 1990, he received ten letters of appreciation, three awards for exceptional performance, a cash award, and he was recognized as "employee of the quarter" on five occasions. Britton never received any commendations for his work at the commissary.
 
 
 8
 Fourth, Britton has been involved in a number of incidents which have resulted in official reprimands. In July 1990, Britton was officially reprimanded for "insubordination, disrespectful conduct toward [his] supervisor, leaving [his] assigned work area without authorization, attempting to circumvent [his] chain of command and loafing." On July 23, 1991, just prior to the selection of the store worker leader, Banks issued a "Notice of Proposed Suspension" to Britton for insulting a customer and treating her in a rude and sarcastic manner.
 
 
 9
 A review of these factors indicates that the district court correctly found that the Army met its burden of articulating legitimate, nondiscriminatory reasons for promoting Williams instead of Britton. See Cotton v. City of Alameda, 812 F.2d 1245, 1248-50 (9th Cir.1987) (the availability of more promising candidates and negative reports from those dealing with the plaintiff were legitimate nondiscriminatory reasons for an employment decision). The presumption of unlawful discrimination by the Army, therefore, is rebutted. Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994).
 
 3. Pretext
 
 10
 Britton contends that summary judgment is inappropriate because there are material facts in dispute on the issue of pretext. Specifically, Britton claims that: (1) Williams's official ratings were erroneous because he was given position of acting store worker leader in violation of promotion regulations; and (2) Banks did not have the authority to choose Williams for the position of store worker leader. These contentions lack merit.
 
 
 11
 In order to survive a motion for summary judgment, Britton must present specific material facts that would permit a rational finder of fact to find that the Army's proffered reasons were a pretext for age discrimination. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Cotton, 812 F.2d at 1248. Britton can prove pretext by showing that (1) age discrimination more likely motivated the employment decision, or (2) the Army's reasons for hiring Williams were not credible. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 256 (1980). "The party opposing summary judgment must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under governing law...." Lindahl, 930 F.2d at 1436.
 
 4. Evidence of Discriminatory Motive
 
 12
 Britton contends that Williams's detail to the position of acting store worker leader was contrary to applicable regulations because it was allegedly in excess of 120 days and was not properly documented. Britton further contends that because of this allegedly improper detail, Williams's annual performance appraisal rating and his numerical rating for the contested position were improperly inflated.
 
 
 13
 It is unclear from the record whether the Army detailed Williams to the position of store worker leader in excess of 120 days and whether the detail was properly documented. But even if Britton could prove that the Army failed to follow personnel regulations, he has failed to show how the allegedly improper detail created an inference that the Army was more likely motivated by Britton's age when it promoted Williams instead of Britton. See Cotton, 812 F.2d at 1248. Accordingly the district court properly disregarded this argument.
 
 
 14
 Britton also claims that he was illegally discriminated against by not being afforded the same assignment and training opportunities as Williams. Britton claims that discriminatory motive can be inferred from the differential access he and Williams had to the training and assignment opportunities that would prepare them for promotion. The record, however, lacks evidence to support Britton's contention that he was denied training or assignment opportunities at the Fort Ord Commissary on the basis of his age. Mere assertions of discriminatory motive and intent are inadequate. Foster v. Arcata Assocs., Inc., 772 F.2d 1453, 1458 (9th Cir.1985), cert. denied, 475 U.S. 1048 (1986). Accordingly, the district court properly disregarded this contention.
 
 5. Credibility of Army's Proffered Reasons
 
 15
 Britton contends that the credibility of Banks's proffered reasons for hiring Williams should be questioned because she misstated certain facts. Specifically, Britton objects to Banks's statement that she selected Williams for the position of store worker leader. Britton claims that, according to the relevant position descriptions, only the commissary officer and the deputy commissary officer have the authority to select personnel; as the produce department manager, Banks merely had the authority to recommend selection of personnel. Britton has failed to show how Banks's authority to select personnel raises a genuine issue of material fact as to discriminatory motive in this case. See Lindahl, 930 F.2d at 1436.
 
 
 16
 Finally, Britton contends that because the issue of his July 1991 reprimand for insulting a customer was not settled at the time when the store worker leader was selected, the management could not "legally" use the incident as a basis for denying him promotion. However, Britton admitted that he made the insulting statement to the customer. Moreover, Britton has failed to show why management was legally prohibited from considering his reprimand when selecting the store worker leader.
 
 
 17
 Britton has failed to produce any material evidence to refute the Army's legitimate, nondiscriminatory reasons for promoting Williams rather than him. There is no genuine issue as to the credibility of the Army's proffered reasons. Accordingly, summary judgment for the defendants was appropriate. See Wallis, 26 F.3d at 890-91.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Of the five possible rating levels, the highest is Exceptional, followed by Highly Successful, Fully Successful, Minimally Acceptable/Satisfactory, and Unacceptable/Unsatisfactory